## MARIA MANGUAL SOLER

### v.

## WILBERT P. PARKHURST ET AL.

San Juan, Law, No. 518.

### EJECTMENT.

1. The heirs of one who has sold land are estopped from claiming it from

Soler v. Parkhurst.

the vendee and his successors in interest, independently of the fact that defendant has a "posesorio" or "dominio" title.

2. The above is true whether or not the original vendor executed a written conveyance of the land.

3. Possession for ten years under a written conveyance gives title as against one living in Porto Rico.

4. One who stands silently by and sees an innocent third party buy land and pay a consideration for it is estopped from asserting title to it.

5. There is a presumption of title in one who has been in possession of land for many years, and the presumption holds until rebutted by proof of a sale.

6. One who claims land registered in the name of another must prove that he has purchased it.

Case tried November 23, 1908.

*Mr. Joseph Anderson, Jr.,* attorney for plaintiff.

*Mr. T. D. Mott, Jr.,* attorney for Mr. Ray P. Parkhurst.

Instructions by RODEY, Judge:

The facts in the case sufficiently appear from the instructions.

RODEY, Judge, omitting the formal parts, gave the following instructions to the jury:

This is an action in ejectment, as you have seen, brought by this plaintiff to recover the possession of 6¾ cuerdas of land from the defendant, for there really is but one defendant now, the other one having disclaimed. It has turned out from the survey made that there are only 6½ cuerdas within the boundaries described in the complaint, and hence that is all the plaintiff could recover in any event.

Soler v. Parkhurst.

The case is very important because, strange though it may be, it appears that there are no direct and satisfactory decisions of the Spanish courts or of the supreme court of this island regarding the weight or force that is to be given to what is locally called a "dominio" title, secured in a court and duly recorded. There is a sort of a general understanding in the community that such a title is good as against all the world; but the bar here appears to be about equally divided on the subject. If that position is the law, then ordinarily it would be the duty of the court to take the case from the jury by instructing a verdict for the person holding such title, or else to dismiss the case, and let the real owner of the property bring a direct action in a court of chancery or any other court having jurisdiction, to set such dominio title aside if the property was still in the hands of the party who procured such title. This would be especially true in cases where the dominio title was secured by deceit or fraud. The facts surrounding this case are so peculiar that the court finds itself unable to instruct you directly for one side or the other.

There is evidence in this case tending to show that an aunt of this plaintiff bought this land from one Antonia Rojas as long ago as the year 1862, and remained in possession of it for many years thereafter, and recorded her deed in 1880, when the registry office was established. There is evidence in the case also tending to show that the present plaintiff, this old negro lady, is the niece of that original purchaser of the land, and that she has recently had herself established in one of the insular courts as the heir of her said aunt. There is also evidence on the part of defendants tending to show that this aunt sold the property in question to a party named Anastasio Correa, but

that she gave him only a receipt for the purchase price instead of a deed, which she promised to deliver later. There is evidence tending to show that this purchaser went into possession of the land, and, in the year 1890, he or his vendees secured a "titulo posesorio" therefor from one of the local courts, and later, in 1902, one of his vendees, through his aid, secured a regular dominio title in the courts, both of which titles were duly recorded.

You are instructed that, in this sort of a case, every plaintiff recovers, if at all, upon the strength of his or her own title, and not upon the weakness of the titles of the parties they are' suing.

Therefore, if you believe, from a preponderance of the evidence, that this aunt of the present plaintiff did in fact sell this land to a predecessor in interest of this present defendant Mrs. Ray Parkhust Henderson, and that the said Mrs. Henderson is now the owner of all the rights that the said Anastasio Correa thus originally purchased from the said aunt of the plaintiff, then, independent of any posesorio or dominio title, the defendant Mrs. Ray Parkhurst Henderson now has good title against the plaintiff, because the plaintiff is bound by all the sales and promises of her aunt, and you should find for the defendant. And in this regard you are instructed that it makes no difference whether or not Correa got a deed, if you believe that he did in fact make the purchase, as such a purchase, even without a deed, would be good between the parties.

You are further instructed that, if you believe, from a preponderance of the evidence, that this man Anastasio Correa went into possession of the land in question and so remained in exclusive possession, believing that he had good title to the same

Soler v. Parkhurst.

by reason of having purchased it from plaintiff's aunt, and that he sold whatever rights he had in the premises to Ines Acevedo, and that the latter sold to one Norton, and that the title from Norton, through several transfers, came to the defendant, and that, between them, they were in undisputed possession of the premises for ten years or more before the filing of this suit, then you are instructed that the present defendant has good prescriptive title against the plaintiff and her ancestor, under the laws of Porto Rico, and you should find for the defendant.

You are further instructed that, if you believe, from a preponderance of the evidence, that this plaintiff had knowledge that the defendant and all of the defendant's predecessors in interest, as thus described, were in adverse possession of the land in controversy, and that the plaintiff had knowledge of the obtaining of a posesorio title in the courts, and of a dominio title in the courts, and of the recording of the same, and if, while having this knowledge, or any considerable part of this knowledge, she, the plaintiff, remained quiet, and saw, or ought to have seen, the innocent third parties, without any knowledge of her title, pay their money for the land which she knew was hers, and did not notify them, then she is in law estopped from coming in at this late time and claiming it from such defendants, because she has slept on her rights, and the law does not permit anybody to take advantage of his or her own wrong in this way. If she did not speak when she ought to have spoken, the law will not permit her to speak at a later date, when others have paid out their money because of her silence.

You are instructed that where a person buys land and remains for many years in possession of it, as the ancestor of this plaintiff did, his or her title to the same is presumed to continue, and

nothing short of his own deed or acts amounting to a deed can deprive them, him, or his heirs of such title.   And whenever any person attempts to show that he has title to land that appears on the registry by an older title in the name of another, the burden is put upon such person to show, to the satisfaction of the jury, that he has in fact purchased said land.   In this regard, all surrounding facts may be taken into consideration, such as possession, etc.

Therefore, if you believe, from a preponderance of the evidence, that this plaintiff's aunt bought this land in 1862, as indicated, and went into possession of the same, and that this plaintiff is the legal heir of her said aunt, and that neither the aunt nor this plaintiff has ever, in any manner, sold the land in question to the predecessor of the defendants, and never did any of the acts or things herein set out that would, as herein defined, deprive either the said aunt or this plaintiff of the title to said land, you should find for the plaintiff, together with such damages as you may believe, from a preponderance of the evidence, the reasonable rental value of said land for the time it has been held by the defendant or his predecessors in interest to be reasonably worth; but from this sum you must deduct the reasonable value, as you may find it from a preponderance of the evidence, of any improvements put upon the same, and, if the value of the improvements amounts to more than the damages you find, then you must find a verdict for the plaintiff for the possession of the land alone, because the defendant cannot recover an affirmative verdict for the value of improvements over the damages.

You are the judges of the weight of the evidence and of the credibility to be given to the testimony of any witness; and if

Soler v. Parkhurst.

you believe that any witness has wilfully sworn falsely as to any material fact, you are at liberty to discredit the whole or any portion of such witness's testimony, unless the same shall be corroborated to your satisfaction by other facts and circumstances in the case. And in this regard you are, under certain conditions, the judges of the weight to be given to exhibits, as, for instance, the absence of the receipt which the aunt of plaintiff is said to have given for the purchase money of the land in question, because the said receipt is better evidence than a certificate from a notary as to what it contained; but the absence of the receipt does not necessarily show that the transaction did not occur as testified to.

Verdict for defendants.